106 F.3d 428
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leonardo M. CULOTTA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 97-3006.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1997.
 
 Before ARCHER, Chief Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Leonardo M. Culotta appeals the decision of the Merit Systems Protection Board ("MSPB" or "Board"), Docket Number DA-3443-96-0446-I-1, dismissing his appeal for lack of jurisdiction. The administrative judge's initial decision became the Board's final decision when the full Board denied review on September 4, 1996. Because we agree that the Board does not have jurisdiction over Mr. Culotta's claim, we affirm.
 
 
 2
 Mr. Culotta is a Maintenance Mechanic, level PS-07, for the United States Postal Service. Culotta appealed to the MSPB because his name was not placed on the promotion eligibility register for Electronics Technician, level PS-09. (He was eliminated from consideration for promotion because he failed the basic mechanics section of the qualifying test.)
 
 
 3
 A nonselection for promotion is not appealable to the Board. Banks v. Dep't of Agriculture, 59 M.S.P.R. 157, 160 (1993), aff'd, 26 F.3d 140 (Fed.Cir.1994) (Table). Similarly, non-placement on a list of employees eligible for a promotion is not appealable to the MSPB. Only "adverse" personnel actions such as removals are appealable, and the Board has no other basis of jurisdiction than the statutes covering adverse personnel actions and certain other matters not present here. Moreover, 5 C.F.R. 1201.3(a)(19), on which petitioner relies, is inapplicable because it concerns jurisdiction only over certain actions of the Office of Personnel Management ("OPM"). Mr. Culotta has not alleged any action by the OPM, but, rather, a failure of the Postal Service to promote him.
 
 
 4
 Because Mr. Culotta has alleged no adverse action of the Postal Service, we hold that the Board lacks jurisdiction over his appeal.